IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| FLOYD MCQUITTY and | ) | |
| CHRISTINA MCQUITTY, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | CASE NO. 3:12-0683 |
| | ) | JUDGE CAMPBELL/KNOWLES |
| | ) | |
| ROBERTO RAMIREZ and | ) | |
| CF TRANSPORTATION, INC., | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

This matter is before the Court upon Plaintiffs' "Motion to Amend." Docket No. 56. With the Motion, Plaintiffs have submitted a proposed Amended Complaint (Docket No. 56-1) and the deposition of Defendant Roberto Ramirez (Docket No. 57-1). Defendants have filed a Response in opposition to the Motion. Docket No. 58.

The original Complaint is short on specific facts concerning the incident that is the subject of this lawsuit. The Complaint states, "This Complaint concerns an automobile collision occurring at or near the Old Hickory Boulevard and Interstate 24 off-ramp in Davidson County, Tennessee." Docket No. 1, p. 5. The remaining allegations of the Complaint are largely conclusory legal allegations that Defendant Ramirez operated his vehicle in a negligent manner so as to strike Plaintiff's vehicle. The Complaint does aver, however, that at the time of the accident Mr. Ramirez was driving a vehicle owned by Defendant CF Transportation, Inc. ["CFT"], and that Defendant Ramirez was driving the vehicle with the permission of CFT.

Without any supporting facts, Plaintiffs' original Complaint also states:

> Upon information and belief, Defendant CF Transportation, Inc. was negligent in that the Defendant knew or should have known that the decision to allow Defendant Ramirez to operate CF Transportation, Inc.'s vehicle created a foreseeable danger to third parties.

*Id.*, p. 3.

In the instant Motion to Amend, Plaintiffs state that they wish to amend their Complaint "to add claims for punitive damages." Docket No. 56, p. 1. They refer to 12 pages of the deposition of Defendant Ramirez, stating in part as follows:

> During that deposition, Defendant Ramirez alleged that the Defendant CF Transportation either knew or should have known that the truck involved in this collision was in a hazardous and unsafe condition. Ramirez Dep. at 139-140. Moreover, the deposition revealed that Defendant Ramirez had a long history of careless and erratic driving, illegal drug use and drug trafficking and that Defendant CF Transportation knew or should have known that the hire and retention of Defendant Ramirez presented a hazard to all drivers who shared the road with him. Ramirez Dep. at 40-50.

*Id.*

Plaintiffs' proposed Amended Complaint appears to be identical to the original Complaint they filed except for the addition of the following:

> 14. Plaintiff [*sic*] further submits that the Defendants have acted: (a) intentionally, and/or (b) maliciously, and/or (c) recklessly and/or (d) fraudulently by knowingly allowing a hazardous vehicle and driver to endanger the general public and that the Plaintiff [*sic*] is entitled to an award of punitive damages.
>
> . . .
>
> 3. That the Plaintiffs be awarded a sum to be proven at the time of trial for punitive damages caused by the Defendants, but not to exceed $3,575,000.00.

Docket No. 56-1, p. 4-5.

Defendants oppose the instant Motion on grounds that the proposed amendment is both untimely and futile. Defendants argue that the Complaint contains no factual allegations supporting the legal conclusions that Defendants were intentional, malicious, reckless, or fraudulent. Defendants further argue that Plaintiffs' citations to the record do not offer any real support for the allegations.

Plaintiffs first cite the Ramirez deposition at pages 139-140. (Apparently because of his work schedule as a truck driver, Defendant Ramirez was not able to give his deposition until July 16, 2013.) The testimony on those pages is to the effect that Jerry Melton, apparently another driver for CFT, had had problems with the brakes on trucks that he has driven and that the truck involved in the accident "had a brake problem before." Docket No. 57-1, p. 139. Mr. Melton had reported that problem to CFT. *Id*. CFT did not tell Mr. Ramirez that there had been a "problem" with the truck before they "gave it" to him to drive. *Id*., p. 140. Defendant Ramirez further testified:

> Jerry told me that he had trouble with that truck. When I went out
> on it I ran into him, and he told me that – that he had trouble with
> that truck and he refused to keep on driving it.

*Id*.

At pages 40-50 of his deposition, Mr. Ramirez was asked whether he had ever been in other motor vehicle crashes. *Id*., p. 40. He testified that the only other motor vehicle crash in which he had been involved occurred in approximately 2006 or 2007, when he was following his wife too closely, dropped his phone, and it got stuck between his leg and the gas pedal. *Id*., p. 41. Neither Defendant Ramirez nor his wife was injured. *Id*., p. 42. He further testified that he

has received minor traffic citations such as running a light, no seat belt, and speeding. *Id.*, p. 43.
He did not know how many traffic citations he had received. He did have his driver's license
suspended because of traffic citations, specifically because of the volume of citations, for a
period of 6 months. *Id.*, p. 45. He testified that CFT "most likely" checked his driver's record.
*Id.*, p. 47. He further discussed the fact that he has previous felony convictions for cocaine sales.
*Id.,* p. 47-48. He pled guilty to two such felonies and was given 8 years probation. *Id.* He
testified that, "most likely" CFT was aware of his felony convictions. *Id.,* p. 49-50.

There are sufficient factual allegations referred to in the Motion to Amend and the
deposition of Defendant Ramirez that could support a claim for punitive damages against CFT.
Obviously, if CFT knew that there was a problem with the truck's brakes but they allowed it to
be driven anyway, such could support a claim that CFT acted intentionally or recklessly.[1]

On the other hand, the facts cited from the deposition of Defendant Ramirez do not
support a claim for punitive damages against him. Those facts simply show that he has had a
previous motor vehicle accident, involving his own wife, that he had his driver's license
suspended for minor traffic violations, and that he has two prior felony convictions. It appears
that these facts would be irrelevant to his liability in the instant action.

For the foregoing reasons, Plaintiffs' Motion to Amend (Docket No. 56) is GRANTED
IN PART and DENIED IN PART. The Motion is granted to the extent that Plaintiffs may
amend their Complaint to raise a claim for punitive damages against Defendant CFT. It is

---

[1] Defendant CFT points out that some of the testimony of Mr. Ramirez which Plaintiffs rely upon is hearsay. That fact would be relevant if this were a Motion for Summary Judgment under Rule 56(c)(2). Mr. Ramirez's testimony can, however, be considered in the instant situation, which involves only whether Plaintiffs have stated a claim upon which relief could be granted.

denied to the extent that Plaintiffs cannot amend their Complaint to allege a claim for punitive damages against Defendant Ramirez.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days after service of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have fourteen (14) days after service of any objections filed to this Report in which to file any response to said objections. Failure to file specific objections within fourteen (14) days of service of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *See Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L. Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

E. Clifton Knowles
United States Magistrate Judge