# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| FLOYD McQUITTY and <br> CHRISTINA McQUITTY, <br><br> Plaintiffs, <br><br> vs. <br><br> ROBERTO RAMIREZ and <br> CF TRANSPORTATION, INC., <br><br> Defendants. | CASE NO. 3:12-0683 <br> JUDGE CAMPBELL/KNOWLES |

## REPORT AND RECOMMENDATION

This matter is before the Court upon "Plaintiffs' Second Motion to Amend Complaint." Docket No. 96. Plaintiffs seek "to add claims for punitive damages against Defendant Roberto Ramirez." *Id*. Plaintiff's have filed a supporting Memorandum (Docket No. 96) and a proposed "Second Amended Complaint" (Docket No. 96-1). Defendant Ramirez has filed a Response in opposition to the Motion. Docket No. 102.

Plaintiffs' supporting Memorandum refers to the testimony of a witness to the collision at issue and states that the witness "observed Defendant Ramirez talking on his cell phone at the time he failed to stop his vehicle at the red light and enter into the intersection and struck the vehicle containing the Plaintiff [*sic*]." Docket No. 97, p. 1. The witness apparently gave this testimony in a deposition on May 16, 2013. *Id*., p. 1-2.

It is unnecessary for the Court to consider the merits of the instant Motion in great detail. Plaintiffs' proposed Second Amended Complaint does not contain any factual allegations

whatsoever with regard to the foregoing testimony. The proposed Second Amended Complaint does not refer to the testimony of the witness discussed above, nor does it allege that Defendant Ramirez was talking on his cell phone prior to the accident.

While Plaintiffs' proposed "Second Amended Complaint" avers that Defendant Ramirez operated his vehicle in a negligent, grossly negligent, or reckless manner and that both Defendants acted intentionally and/or maliciously and/or recklessly and/or fraudulently, Plaintiffs have set forth no facts whatsoever in the proposed Second Amended Complaint to support such legal conclusions. Thus, Plaintiffs have failed to state a claim upon which relief could be granted with regard to punitive damages against Defendant Ramirez, and the proposed Second Amended Complaint would be futile.

For the foregoing reasons, the instant Motion (Docket No. 96) should be DENIED.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days after service of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have fourteen (14) days after service of any objections filed to this Report in which to file any response to said objections. Failure to file specific objections within fourteen (14) days of service of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *See Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L. Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

E. Clifton Knowles
United States Magistrate Judge